IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MICHAEL DUGGAN, Individually and
on behalf of others similarly situated                                              PLAINTIFF

VS.                                                                      CASE NO. 2:18-cv-209-KS-MTP

HIGH IMPACT MARKETING, LLC
d/b/a FURNITURE DIRECT and
CARL MILETELLO, Individually                                              DEFENDANTS

COMPLAINT and DEMAND FOR JURY TRIAL
(Collective Action Complaint)

COMES NOW Plaintiff, Michael Duggan, Individually and on behalf of others similarly situated (hereinafter "Plaintiff"), files this action against Defendants, High Impact Marketing, LLC d/b/a Furniture Direct (hereinafter "Furniture Direct"), and Carl Miletello, Individually (hereinafter "Miletello") and collectively referred to as "Defendants", for unpaid minimum wage and overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

NATURE OF SUIT

1.      The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum wage on time may be so

detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.      This action is brought by Plaintiff under the FLSA to recover minimum wage and overtime compensation, liquidated damages and reasonable attorneys' fees and costs from Defendants.

3.      Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION

4.      Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. §201, *et seq.* to recover unpaid minimum wage and overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

5.      The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

6.      The United States District Court for the Southern District of Mississippi has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because this suit raises federal questions under the FLSA.

## VENUE

7.     Venue lies properly within this Court under 28 U.S.C. §§1391(b)(1) and (c)(2), because the State of Mississippi has personal jurisdiction over Defendants and Defendants therefore "reside" in Mississippi.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiff either worked for Defendants within this district during the relevant time period subject to this Complaint and/or Defendants maintained a business operation within this district.

9.     Since a substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within this jurisdiction; venue is proper in this Court pursuant to 28 U.S.C. §1391.

10.    The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§2201-02.

## PARTIES

11.    At all material times hereto, Plaintiff, Michael Duggan is and continues to be a resident of Rankin County, Mississippi and worked for Defendants in both Forrest County and Marion County, Mississippi.

12.    Plaintiff was an employee of Defendants and worked as commissioned salesperson who performed related activities for Defendants in both Forrest County and Marion County, Mississippi.

13.    At all material times hereto, Defendant, Furniture Direct is a limited liability company that operates and conducts business at four (4) locations:

    a. 909 Hardy Street in Hattiesburg, Forrest County, Mississippi;

    b. 5020 Hardy Street Hattiesburg, Forrest County, Mississippi;

    c. 6098 U.S. Highway 98 Hattiesburg, Forrest County, Mississippi; and

    d. 709 U.S. Highway 98 in Columbia, Marion County, Mississippi.

14. Defendant, Carl Miletello, is an individual who, upon information and belief, lives and resides in the State of Mississippi and conducts business in both Forrest County and Marion County, Mississippi.

15. At all times relevant to this action, Carl Miletello, is an individual resident of the State of Mississippi, who owns and operates Furniture Direct, and who regularly exercises the authority to: a) hire and fire employees of Furniture Direct; b) determine the work schedules for the employees of Furniture Direct; and c) controls the finances and operations of Furniture Direct; and, by virtue of having regularly exercised that authority on behalf of Furniture Direct, Carl Miletello is an employer as defined by 29 U.S.C. §201, *et seq.*

## COVERAGE

16. At all material times hereto (2015-2018), Plaintiff was an "employee" within the meaning of the FLSA.

17. At all material times hereto (2015-2018), Defendants were the "employer" within the meaning of the FLSA.

18. At all material times hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

19. At all material times hereto (2015-2018), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

20. Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

21. At all material times hereto (2015-2018), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, furniture, supplies, tools and equipment, etc.

22. At all material times hereto (2015-2018), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

23. At all material times hereto (2015-2018), the work performed by Plaintiff was directly essential to the operations performed by Defendants.

24. Defendants and their officers and agencies are responsible under the United States Constitution, federal law and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

25.     Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

26.     Defendants own and operate furniture stores located in both Columbia and Hattiesburg, Mississippi.

27.     Plaintiff, Michael Duggan worked as a commission only salesperson for Defendants.

28.     Plaintiff, Michael Duggan worked in this capacity from approximately May 13, 2017 through June 2017 at both the 5020 Hardy Street and 6098 U.S. Highway 98 stores in Hattiesburg and then from July 2018 through May 24, 2018 at the store in Columbia, Mississippi.

29.     Plaintiff was paid a flat 6% commission rate and received between $121.00 up to $1,500.00 in any given week in exchange for work performed.

30.     Plaintiff was not paid a salary in addition to his commissioned sales.

31.     Plaintiff was misclassified as an independent contractor in that no taxes were withheld from his pay and he received a 1099 at the end of the year.

32.     Plaintiff's job duties included selling furniture, loading and unloading delivery vans, writing up invoices, moving and/or rearranging merchandise around the store and occasionally personally delivering furniture to customers.

33.     Defendants failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly compensate Plaintiff if the hourly rate for his commissioned sales fell below the

minimum wage requirement of the FLSA. As such, Plaintiff was not paid at least full minimum wage for all hours worked during one (1) or more workweeks during his employment.

34. Michael Duggan worked approximately fifty-two and one-half (52.5) hours per week.

35. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff proper overtime compensation at a rate of time-and-one-half his regular rate of pay for hours worked over forty (40) per week.

36. At all times relevant to this action, Defendants have failed to comply with 29 U.S.C. §§201-209 because Plaintiff performed services for Defendants for which no provisions were made by Defendants to ensure that Plaintiff was paid his complete wages.

37. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of Defendants.

38. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wage and overtime compensation with respect to Plaintiff.

39. Defendants knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

40. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

41. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §201, *et seq.*, (c)

Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff and the class members performed the same or similar job duties as one another in that they worked as salespeople for Defendants on a commission only basis.

43. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were only paid a straight 6% commission on all sales, were not paid a salary, were not compensated at a rate of at least time-and-one-half their regular rate of pay for any overtime hours worked in excess of forty (40) hours in any given workweek and, on at least one occasion, their weekly sales earnings came to less than the statutory minimum wage rate as required by the FLSA during the time period that they were employed with Defendants. Therefore, the class members are owed minimum wage and overtime compensation for the same reasons as Plaintiff.

44. Defendant's failure to compensate employees properly as required by the FLSA results from a common policy and/or practice of failure to ensure that salespeople were paid at least minimum wage for all hours worked and time-and-one-half for any hours worked over forty (40) hours in a workweek.

45. These policies or practices were applicable to both Plaintiff and the class members.

46. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

47. Rather, the same policies and/or practices, which resulted in the non-payment of proper minimum wage and overtime compensation to Plaintiff, applies to all class members.

48. Accordingly, the class members are properly defined as:

> **All salespeople who worked for Defendants within the last three (3) years who were not compensated at least minimum wage for hours worked and/or paid at a rate of time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.**

49. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper minimum wage and overtime compensation with respect to Plaintiff and the class members.

50. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

51. During the relevant period, Defendants violated §7(a)(1) and §15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least minimum wage and time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

52. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

### COUNT I - RECOVERY OF MINIMUM WAGES
### AGAINST ALL DEFENDANTS (FEDERAL)

53. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-52 above.

54. Plaintiff is/was entitled to be paid at least minimum wage for each hour worked during his employment with Defendants.

55. Defendants maintained a strict policy of paying Plaintiff a flat 6% commission on all sales as opposed to an hourly rate as is proper based on Plaintiff's job duties.

56. Plaintiff was responsible for performing job duties that included not just sales but manual labor such as loading and unloading delivery trucks, filling out paperwork, arranging furniture in the store and on occasion, delivering furniture to his customers, all of which interfered with Plaintiff's opportunity to make sales.

57. During his employment with Defendants, Plaintiff was not paid at least the minimum wage for hours worked during one or more workweeks.

58. On occasion, Plaintiff received weekly compensation that, when divided by a forty (40) hour workweek, came to an hourly rate that is less that the mandatory minimum wage required by the FLSA.

59. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate them for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid at least the minimum wage for each hour worked during one or more weeks of his employment with Defendants.

60. Defendants willfully failed to pay Plaintiff at least minimum wage for one or more weeks of work contrary to 29 U.S.C. §206.

61. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants and has incurred reasonable attorney's fees and costs.

62. Plaintiff demands judgment against Defendants for the payment of all minimum wage pay for which Defendants did not properly compensate him, liquidated

damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II - RECOVERY OF OVERTIME COMPENSATION
### AGAINST ALL DEFENDANTS

63. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-62 above.

64. Plaintiff is/was entitled to be paid the statutory rate of time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

65. Plaintiff regularly worked over forty (40) hours per week.

66. Plaintiff typically worked approximately fifty-two and one-half (52.5) hours per week.

67. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of time-and-one-half his regular rate of pay for hours worked over forty (40) hours per week.

68. Defendants maintained a strict policy of paying Plaintiff a flat 6% commission on all sales despite the fact that Plaintiff was required to perform job duties other than sales which prevented Plaintiff from earning commissions.

69. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of time-and-one-half Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

70. Defendants did not maintain and keep accurate time records for Plaintiff as required by the FLSA.

71. In addition, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

72. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week, Plaintiff has suffered damages and lost compensation as well as incurring reasonable attorney's fees and costs.

73. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

74. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

75. Plaintiff demands judgment against Defendants for the payment of all overtime hours at one-and-one-half times the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III – QUANTUM MERUIT

76. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-75 above.

77. During various times during the last three (3) years, Defendants hired Plaintiff to sell their furniture to the general public.

78. Plaintiff was classified and paid as an "independent contractor."

79. While Defendants classified Plaintiff as an "independent contractor," the nature of his job duties, and the manner in which he performed these duties, made it clear that he was actually an employee of Defendants.

80. Defendants were in complete control of the manner in which this "independent contractor" performed his job.

81. The "independent contractor" provided a benefit to Defendants by performing work as an employee under the law, often worked more than forty (40) hours a week while providing services for Defendants, but was never compensated at time-and-one half his regular rate of pay for hours worked over forty (40) in a week.

82. Defendants also benefitted from the work of the "independent contractor" while failing to pay proper minimum wage compensation for some hours worked by Plaintiff within some work weeks.

83. Although the "independent contractor" was actually an employee, Defendants failed to pay for that benefit by intentionally misclassifying Plaintiff as an "independent contractor" and not paying their share of Plaintiff's Social Security and Medicare taxes which were provided to Defendants' other employees.

84. At the end of the year, Plaintiff received a tax form 1099 from Defendants as if he was an "independent contractor".

85. As a result, the "independent contractor" was required to pay a self-employment tax calculated at a higher percentage of his earnings than he would have if he was properly classified as an employee.

86. The Defendants' conduct, as set forth above, was intentional and intended to allow Defendants to avoid payment of proper minimum wage and overtime compensation by misclassifying their workers as "independent contractors", behavior which renders them liable under the common law doctrine of quantum meruit.

## COUNT IV – DECLARATORY RELIEF

87. Plaintiff readopts and reincorporates paragraphs 1 through 86 of the Complaint as if fully set forth herein.

88. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

89. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§2201-2202.

90. Plaintiff may obtain declaratory relief.

91. Defendants employed Plaintiff.

92. Defendants are an enterprise.

93. Plaintiff was individually covered by the FLSA.

94. Plaintiff was entitled to minimum wage compensation pursuant to 29 U.S.C. §207(a)(1).

95. Plaintiff was entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

96. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

97. Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

98. It is in the public interest to have these declarations of rights recorded.

99. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

100. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

101. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Michael Duggan, Individually and on behalf of others similarly situated respectfully requests that judgment be entered in his favor against Defendants, High Impact Marketing, LLC d/b/a Furniture Direct and Carl Miletello, Individually:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the provisions of the FLSA;

b. Awarding Plaintiff minimum wage and overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

c. Awarding Plaintiff liquidated damages in an amount equal to the above award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

DATED, this the 6th day of December, 2018.

        Respectfully submitted,
        MICHAEL DUGGAN, Individually and on
        behalf of others similarly situated, Plaintiff

        */s/ Christopher W. Espy*
        CHRISTOPHER W. ESPY  (MSB#: 102424)


        Christopher W. Espy, Esq.
        MORGAN & MORGAN, PLLC
        4450 Old Canton Road, Suite 200
        Jackson, Mississippi 39211
        Tel:    601-718-2087
        Fax:   601-718-2102
        Email: cespy@forthepeople.com

        ATTORNEY FOR PLAINTIFFS