# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MICHAEL DUGGAN, on behalf of**
**himself and others similarly situated**                                                        **PLAINTIFF**

**V.**                                                                    **CIVIL ACTION NO. 2:18-cv-00209-KS-MTP**

**HIGH IMPACT MARKETING, LLC**
**d/b/a FURNITURE DIRECT and**
**CARL MILETELLO, individually**                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause came before the Court on Plaintiff's Motion for Conditional Class Certification and Authorized Notice [5]. Defendants have responded [21, 22]. Plaintiff has not filed a reply. Having reviewed the parties' submissions, the relevant, and in light of the motion being largely unopposed, the Court finds the motion is well taken and will be granted in part.

### I.  BACKGROUND

Defendants own and operate furniture stores in both Hattiesburg and Columbia, Mississippi. Plaintiff worked as a commission-only salesperson for the Defendants from approximately May 2017 through May 2018. He claims that he was misclassified as an independent contractor, was improperly compensated when his hourly rate for his commissioned sales fell below the federal minimum wage requirement, and was not compensated for the overtime he worked.

Plaintiff filed this action on December 6, 2018 alleging violations of the Fair Labor Standards Act ("FLSA"). Plaintiff now seeks leave to conditionally certify the following class:

> All current and former commission-only salespeople who were classified as "independent contractors" by defendants and were not paid at least the federal minimum wage of $7.25 and/or overtime wages at a rate of at least time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a given workweek.

In addition to requesting authorization to send notice to the class, Plaintiff seeks to have the Court compel Defendants to produce a computer readable data file containing the names, last known address, email address, last known telephone number, employee number, last four digits of the social security number, and dates of employment of all potential opt-in Plaintiffs. Also, in addition to mailing the notice, Plaintiff requests that a notice be posted at all Defendants' locations where commission-only salespeople are employed. [6] at p. 14. Defendants have not objected this request, and thus, it will be granted. Finally, Plaintiff seeks to have the Court toll the applicable statute of limitations to protect the rights of those who have yet to receive notice of the lawsuit.

Defendant responds by conceding that certification is likely to be granted, but seeks to limit the scope of the class to only three locations because it does not own one of the locations. Defendants also contend that one potential plaintiff worked at the store that Defendants do not own and thus, is not similarly situated. Defendants also object to the notice plan insofar as Plaintiff's request the production of phone numbers and partial social security numbers and that the consent forms be returned to Plaintiff's counsel.

## II. DISCUSSION

### A. Legal Standard

The FLSA requires covered employers to compensate nonexempt employees at a minimum wage and to pay overtime rates when they work in excess of forty hours per week. *See* 29 U.S.C. §§ 206(a), 207(a). Under certain circumstances, the FLSA permits an employee to bring suit against an employer "for and on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). "Plaintiffs who desire to join in a 'collective action' must 'opt in' to the case and be bound by a judgment, unlike plaintiffs in a [Federal Rule of Civil Procedure

23] class action, who must essentially 'opt out.'" *Harris v. Hinds Cnty.*, No. 3:12–cv–00542–CWR–LRA, 2014 WL 457913, at \*1 (S.D .Miss. Feb. 4, 2014). "If the [c]ourt decides to conditionally certify the class, putative class members are given notice, an opportunity to opt in to the litigation, and adequate time for discovery." *Id*. at \*2. Conditional certification under the FLSA "does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court . . . ." *Genesis Healthcare Corp. v. Symczyk*, 596 U.S. 66, 75 (2013) (internal citation omitted).

"District courts have discretion in determining whether to order court-supervised notice to prospective plaintiffs." *Harris*, 2014 WL 457913, at \*1 (citing *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 169 (1989)). In doing so, courts in this Circuit have adopted the *Lusardi* two-stage approach.[1] *See, e.g.*, *Santinac v. Worldwide Labor Support*, 107 F. Supp. 3d 610, 614 (S.D. Miss. 2015) (using *Lusardi* approach); *Vanzzini v. Action Meat Distribs., Inc*., 995 F. Supp. 2d 703, 719 (S.D. Tex. 2014) (same); *Harris v. Hinds County*, No. 3:12-cv-542, 2014 WL 457913, at \*2 (S.D. Miss. Feb. 4, 2014) (same).

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage" or "merits stage." *See Mooney v. Aramaco Svcs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995);[2] *Harris*, 2014 WL 457913 at \*2. At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to

---

[1] "The *Lusardi* method is recognized as 'the favored approach by courts in the Fifth Circuit.'" *Harris*, 2014 WL 457913, at \*2 (S.D. Miss. Feb. 4, 2014).
[2] *Mooney* involved claims under the ADEA, which in 29 U.S.C. §626(b) incorporated Section 216(b) of the FLSA for collective actions. *See* 54 F.3d at 1213. The court discussed the competing *Lusardi* and Rule 23 approaches to class certification, but found it "unnecessary to decide which, if either, of the competing methodologies should be employed in making an ADEA class certification decision" and left that inquiry "for another day." *Id*. at 1216.

possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). Such decision is solely within the district court's discretion and is not mandatory. *See Strickland v. Hattiesburg Cycles, Inc.*, No. 2:09-cv-174, 2010 WL 2545423, at *2 (S.D. Miss. June 18, 2010).

At the notice stage, the Court typically relies on the pleadings and any affidavits submitted. *Harris*, 2014 WL 457913, at *2. The standard at this at this stage is not particularly stringent, but "it is by no means automatic." *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007). "The lenient standard requires at least a modest factual showing sufficient to demonstrate that the plaintiff and potential plaintiffs together were victims of a common policy or plan that violated the law." *Harris*, 2014 WL 457913 at *2 (citation and quotation marks omitted).

### B. Analysis

The Defendants largely concede to the conditional certification, while retaining all of its rights to move to decertify the class at the appropriate time. Of the items Defendants take issue with, one in particular merits attention. Defendants have presented evidence that one of the Furniture Direct locations is not owned by the Defendants, but rather is run by AFDN Marketing, LLC. Plaintiff has not replied to this issue. Therefore, the Court finds it necessary to carve out that location in the notice to be provided to the potential class members.

Next, Defendants submit that the class should be:

> All commissioned salespeople who from April 11, 2016 until [the date the list of potential opt-ins is due] worked for High Impact Marketing LLC at a Furniture Direct store located either at 909 Hardy Street in Hattiesburg, Mississippi, at 6098 U.S. Highway 98 in Hattiesburg, Mississippi, or at 709 U.S. Highway 98 in Columbia, Mississippi.

The Court finds the dates a bit confusing because it implies that the salespeople must have worked that entire time, which is not the case. Plaintiff has requested the dates of employment for the potential plaintiffs. The Court will assume that Plaintiff is familiar with the applicable statute of limitations and will exercise discretion when sending out the notices to keep the potential opt-in plaintiffs within the relevant time frame. Therefore, in the interest of compromise and keeping the potential plaintiffs similarly situated, the Court will craft the wording of the appropriate class later in this Order.

Defendants next take issue the opt-in plaintiff Seepe because Defendants contend he never worked for either of the Defendants at any of their locations. Again, Plaintiff did not reply to this argument. While it may be the case that he worked at different store, there has been no discovery conducted in this matter as of yet, and the Court is not to address any merits of the actual claims. *See Lynch v. United Svcs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."). That issue is better addressed during decertification.[3]

As to the information to be disclosed, Plaintiff has requested names, addresses, email addresses, telephone numbers, and the last four digits of the social security numbers of potential class members. This Court has previously held that such information is not discoverable due to privacy concerns. *See Santinac*, 107 F. Supp. 3d at 617. Defendants agree to produce the email addresses but object to the requests for telephone numbers and the last four digits of the social

---

[3] "The second stage occurs when and if the defendant files a motion for decertification, 'after discovery is largely complete and more information on the case is available.'" *Tzib v. Moore Feed Store, Inc.*, No. 3:14-cv-65, 2015 WL 2415530, at *3 (N.D. Miss. May 21, 2015) (citation omitted). At the "merits stage," the defendant can challenge the class and the court must "again make a factual determination as to whether the opt-in plaintiffs are similarly situated; however, the scrutiny applied in the second state is much more rigorous than that of the notice stage." *Strickland*, 2010 WL 2545423 at *2.

security numbers. Because Plaintiff has not demonstrated any particular need for this additional information, the Court finds that the Defendants shall not produce telephone numbers and the last four digits of the social security numbers of any potential class members.

Finally, Defendants take issue with Plaintiffs request that the consent forms be returned to Plaintiff's counsel. The Court agrees that such would be improper. *See Santinac*, 107 F. Supp. 3d at 618 (agreeing with the district courts in this Circuit that have found that opt-in forms should be sent to the Clerk and citing *Tolentino v. C&J Spec-Rent Servs., Inc*., 716 F. Supp. 2d 642, 655 (S.D. Tex. 2010)). Accordingly, the class members shall return their forms to the Clerk.

## III. CONCLUSION

Based on the foregoing, it is hereby ORDERED that Plaintiff's Motion for Conditional Class Certification and Authorized Notice [5] is granted in part as follows:

1. Conditional certification of the following collective action class is granted:

> All current and former commission-only salespeople who were classified as "independent contractors" and employed by High Impact Marketing LLC at a Furniture Direct store located at 909 Hardy Street in Hattiesburg, Mississippi, 6098 U.S. Highway 98 in Hattiesburg, Mississippi, or 709 U.S. Highway 98 in Columbia, Mississippi within the past three (3) years and who were not paid at least the federal minimum wage of $7.25 and/or overtime wages at a rate of at least time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a given workweek.

2. Within fourteen (14) days of the date of this Order, Defendants shall provide to the Plaintiff, in an electronically readable format, a list containing the names, last known address, email address, employee numbers, and dates of employment of all potential opt-in Plaintiffs.

3. Plaintiff shall modify the class as set forth in this Order on the notice form attached as Exhibit "C" to Plaintiff's motion.

4. Plaintiff's modified notice form shall advise the potential plaintiffs that they have thirty (30) days from the date the notices are initially mailed to return to the Clerk of Court a Consent to Become Opt-In Claimant as set forth in Exhibit "D" to Plaintiff's motion.

5. The Consent to Become Opt-In Claimant shall be modified to provide that the form shall be returned to the Clerk of Court for the Southern District of Mississippi Eastern Division.

6. Plaintiff is hereby authorized to send the modified notice to the individuals whose names appear on the list provided by the Defendants via both first-class U.S. Mail and electronic mail.

7. In addition to mailing the modified notice to potential plaintiffs, Plaintiff is further authorized to post the notice in a conspicuous, internal area, such as in a break room, at the three locations listed in the class description.[4]

SO ORDERED AND ADJUDGED this 3rd day of July 2019.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff refers to locations nationwide, but there is no factual basis for the Defendants' owning any locations other than the three in Hattiesburg and Columbia, Mississippi. Thus, the request will be granted only as to these three locations.